# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

THOR TECH, INC. and AIRSTREAM, INC.,

          Plaintiffs,

v.

SEIRUS INNOVATION ACCESSORIES, INC.,

          Defendant.

Civil Action No.

**3 : 06 cv 0024**

District Judge **WALTER HERBERT RICE**

## COMPLAINT FOR TRADEMARK
## INFRINGEMENT AND UNFAIR COMPETITION

Thor Tech, Inc. and Airstream, Inc. (hereinafter "Plaintiffs") bring this complaint against Seirus Innovation Accessories, Inc. (hereinafter "Defendant"). Plaintiffs allege as follows:

1.     Plaintiff Thor Tech, Inc. is a corporation organized and existing under the laws of Nevada, with its principal office at 653 South Saginaw Street, Suite 310, Saginaw, Michigan 48502.

2.     Plaintiff Airstream, Inc. is a corporation organized and existing under the laws of Nevada, with its principal office at 419 West Pike Street, Jackson Center, Ohio 45334. Plaintiffs are affiliated companies.

3.     Defendant is, upon information and belief, a corporation organized and existing under the laws of Utah, with its principal offices at 13975 Danielson Street, Poway, California 92064. On information and belief, Defendant does business throughout the state of Ohio.

## NATURE OF ACTION

4. This is an action for trademark infringement, unfair competition and trademark dilution under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 et seq.) and related causes of action under the laws of the state of Ohio arising from the Defendant's unauthorized use of the trademark AIRSTREAM in violation of Plaintiffs' rights in the AIRSTREAM mark.

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a). Venue is proper in this District under 28 U.S.C. § 1391(b) and 1391(c).

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED MARK

6. This Count arises under the trademark laws of the United States, namely, Title 15 of the United States Code and more particularly, 15 U.S.C. § 1114 and 15 U.S.C. §§ 1116–18, inclusive.

7. Plaintiffs, through their predecessors in interest, have used the AIRSTREAM trademark continuously in the United States for over seventy (70) years in connection with recreational vehicles and related goods and services.

8. As the result of the consistently high quality of Plaintiffs' goods, and the growth of a unique community of users and aficionados of the goods and the lifestyle represented by the goods, the AIRSTREAM trademark has become widely and favorably known throughout the United States, with the result that Plaintiffs' goods have become associated with the AIRSTREAM trademark in the minds of members of the public.

9. Plaintiff Thor Tech, Inc. is the owner of enormously valuable goodwill in the AIRSTREAM trademark, and owns the following federal trademark registrations, among others:


A.  U.S. Reg. No. 607,224 issued June 14, 1955, for AIRSTREAM in connection with house trailers. This registration is valid and in full force and effect, and has become incontestable under 15 U.S.C. § 1065. A copy of the registration certificate is attached hereto as Exhibit A.

B.  U.S. Reg. No. Reg. No. 1,189,944 issued February 16, 1982, for AIRSTREAM in connection with house trailers and motorized homes. This registration is valid and in full force and effect, and has become incontestable under 15 U.S.C. § 1065. A copy of the registration certificate is attached hereto as Exhibit B.

C.  U.S. Reg. No. 1,597,528 issued May 22, 1990, for AIRSTREAM in connection with various clothing articles. This registration is valid and in full force and effect, and has become incontestable under 15 U.S.C. § 1065. A copy of the registration certificate is attached hereto as Exhibit C.

10. Plaintiff Airstream, Inc. holds an exclusive license from Plaintiff Thor Tech, Inc. regarding the AIRSTREAM trademark and trade name, and manufactures and sells recreational vehicles and distributes other goods and provides various services under the AIRSTREAM mark.

11. On information and belief, Defendant sells clothing articles. Among Defendant's goods are gloves which Defendant sells under the AIRSTREAM trademark. Copies of pages

from Defendant's Internet web site and Internet advertisements from Defendant's distributors offering Defendant's AIRSTREAM gloves for sale are attached as Exhibit D.

12. Plaintiffs contacted Defendant regarding Defendant's unauthorized use of the AIRSTREAM mark. Despite Plaintiffs' demand that Defendant cease its infringing activities, Defendant continues to sell gloves using the AIRSTREAM trademark.

13. Defendant's use of the AIRSTREAM name constitutes infringement of Plaintiffs' AIRSTREAM trademark. Defendant's activities are likely to cause confusion or mistake or deception as to the origin of the goods offered by Defendant or as to the existence of any relationship or affiliation between Plaintiffs and Defendant.

14. Plaintiffs have no control over the quality of the goods sold by Defendant, and because of likely confusion as to source engendered by Defendant, Plaintiffs' valuable goodwill in respect to its AIRSTREAM mark is at the whim of Defendant.

15. The goodwill of Plaintiffs' business under its AIRSTREAM mark is of enormous value, and Plaintiffs will suffer irreparable harm should infringement be allowed to continue to the detriment of their trade reputation and goodwill.

16. Defendant's infringement will continue unless enjoined by this Court.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER 43(A) OF THE LANHAM ACT

17. This Count arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18. Plaintiffs hereby repeat and reallege, as if fully set forth herein, the allegations of paragraphs 1 through 16 of this Complaint.

19. Defendant's use of the AIRSTREAM name in connection with gloves constitutes a false designation of origin as to the goods and services made available by Defendant and a false and misleading representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The similarity between Defendant's AIRSTREAM mark and Plaintiffs' AIRSTREAM mark is likely to create confusion and to cause mistake. Defendant's use of the AIRSTREAM mark is likely to deceive customers and prospective customers into believing that Defendant's products are those of Plaintiffs.

20. Defendants' unlawful conduct will continue to damage Plaintiffs unless enjoined by this Court, and Plaintiffs have no adequate remedy at law.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

21. This Count arises under the common law of trademarks and unfair competition of the State of Ohio. This Court has jurisdiction over the claim set forth below by virtue of 28 U.S.C. § 1338(b) in that this claim is one of unfair competition and is joined with a substantial and related claim under federal trademark law included in Counts I and II.

22. Plaintiffs hereby repeat and reallege, as if fully set forth herein, the allegations of paragraphs 1 through 20 of this Complaint.

23. By committing the acts herein alleged, Defendant has engaged in unfair competition, deceptive advertising and unfair trade practices, in violation of the Ohio common law of unfair competition causing Plaintiffs damages and loss of profits. Defendant's unlawful conduct will continue to damage Plaintiffs unless enjoined by this Court, and Plaintiffs have no adequate remedy at law.

## COUNT IV
## DILUTION UNDER 43(C) OF THE LANHAM ACT

24. This Count arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

25. Plaintiffs hereby repeat and reallege, as if fully set forth herein, the allegations of paragraphs 1 through 23 of this Complaint.

26. Plaintiffs' AIRSTREAM trademark is a famous mark. Defendant's acts alleged herein dilute the distinctive quality of Plaintiffs' mark. Defendant's unlawful conduct will continue to damage Plaintiffs unless enjoined by this Court, and Plaintiffs have no adequate remedy at law.

## ALLEGATION OF DAMAGE

27. By reason of Defendant's acts alleged herein, Plaintiffs have suffered and will suffer damage to their business, reputation and good will.

28. Defendant's continued use of the AIRSTREAM name and mark causes Plaintiffs irreparable injury as to which they have no adequate remedy at law.

29. Defendant's continued use of the AIRSTREAM trademark dilutes the distinctive character of Plaintiffs' AIRSTREAM trademark, and causes Plaintiffs irreparable injury as to which they have no adequate remedy at law.

30. Defendant's infringement is willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A. That this Court permanently enjoin and restrain Defendant and its directors, officers, agents, servants, employees, subsidiaries and affiliates from directly or indirectly using

the AIRSTREAM name, or any other mark, word or name confusingly similar to Plaintiffs' marks, and from otherwise engaging in unfair competition with Plaintiffs;

B. That this Court order Defendant to deliver for destruction all labels, signs, prints, packages, wrappers, receptacles and advertisements in its possession bearing the AIRSTREAM mark intended for distribution, and all plates, molds, matrices and other means of making the same;

C. That Defendant be required to account to Plaintiffs for any and all profits derived from the sale of its infringing goods and for all damages sustained by Plaintiffs by reason of said acts of infringement and unfair competition complained of herein;

D. That this Court award Plaintiffs treble the amount of actual damages suffered by Plaintiffs;

E. That the costs of this action be awarded to Plaintiffs, and that Plaintiffs be awarded attorney fees pursuant to 15 U.S.C. § 1117;

F. That this Court grant Plaintiffs such other and further relief as it shall deem just and proper.

          Respectfully submitted,

          *[signature]*
          B. Joseph Schaeff (Ohio Bar No. 0013852)
          Trial Attorney
          Kimberly Gambrel (Ohio Bar No. 0040634)
          DINSMORE & SHOHL, LLP
          One South Main Street, Suite 1300
          One Dayton Centre
          Dayton, OH 45402-2023
          Phone: 937-449-6400
          Facsimile: 937-449-6405
          joseph.schaeff@dinslaw.com

          Attorneys for Plaintiff